RALPH W. CREWS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ROBERT E. CREWS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

AMY TRESNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARY WILLIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES CREWS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 66701–66703, 66718, 66766. Promulgated September 19, 1934.

*Albert L. McRill, Esq.*, for the petitioners.
*J.H. Pigg, Esq.*, for the respondent.

OPINION.

TURNER: These proceedings are now before us on the motion of the respondent and the response of the petitioners thereto. Findings of fact and an opinion were promulgated May 2, 1934, and decisions were entered July 10, 1934. The respondent's motion alleges error therein and prays that the findings of fact and opinion be reconsidered and the decisions be vacated and set aside.

A review of the opinion discloses that the depletion allowance in the case of oil wells owned by the petitioners was limited to an amount not in excess of 50 percent of the petitioners' net income,

**188**

computed without regard to depletion, from all sources, instead of "50 per centum of the net income * * * (computed without allowance for depletion) from the property" as provided by section 114 (b) (3) of the Revenue Act of 1928. The opinion is accordingly revised and corrected to require the computation of the depletion allowance in accordance with the terms of the statute as set forth herein. The findings of fact and the remainder of the opinion are found and held to be correct. The decisions entered on July 10, 1934, will be vacated and set aside and further proceedings will be had under Rule 50 in accordance with this opinion.

*Decision will be entered under Rule 50.*